Zheng v. Lynch

BIA
Van Wyke, IJ
A087 468 196

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand sixteen.

PRESENT:
>        REENA RAGGI,
>        SUSAN L. CARNEY,
>        CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

QING HUI ZHENG, AKA QINGHUI ZHENG,
>        *Petitioner,*

>    v.                                              15-2118
>                                                    NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:              Richard Tarzia, Law Office of
                             Richard Tarzia, Belle Mead, New
                             Jersey.

FOR RESPONDENT:              Benjamin C. Mizer, Principal
                             Deputy Assistant Attorney General;
                             Blair T. O'Connor, Assistant

Director; Jane T. Schaffner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qing Hui Zheng, a native and citizen of China, seeks review of a June 10, 2015, decision of the BIA, affirming a November 6, 2013, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Hui Zheng,* No. A087 468 196 (B.I.A. June 10, 2015), *aff'g* No. A087 468 196 (Immig. Ct. N.Y. City Nov. 6, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. Substantial evidence supports the agency's determination that Zheng was not credible.

The agency did not err in basing its credibility determination on Zheng's inconsistent statements and omission regarding his first entry into the United States. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). Both in his application and at his initial hearing, Zheng proffered June 2008 as the date of his sole entry into the United States. When confronted at a later hearing with a 2000 removal order for "Sae-Pai Sompong," a purported native of Thailand, and evidence that Zheng's fingerprints matched those of Sompong, Zheng admitted to the prior entry. Zheng's explanations—that he forgot the entry, was under a lot of pressure, and remembered later—were unavailing and further undermined his credibility, particularly as they contradicted his other explanation that he had told his

attorney about the entry. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and emphasis omitted)). This inconsistency alone is sufficient support for the adverse credibility determination. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

The adverse credibility determination is bolstered by the IJ's findings regarding Zheng's demeanor and lack of corroborating evidence. Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi*, 430 F.3d at 81 n.1. And, the IJ reasonably found that Zheng's medical evidence did not corroborate his alleged memory loss, as it reflected a depressive disorder and anxiety, but stated Zheng had no memory problems. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration

in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Given this inconsistency, the contradictory explanations, and the related demeanor and corroboration problems, the IJ reasonably found Zheng not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-66; *Siewe*, 480 F.3d at 170. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk